# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Jeffrey Turino et al,

    Defendants

Case No.: 2:09-cr-132-JAD-GWF

**Order Denying Appeal of Magistrate Judge's Denial of Request to Reopen Detention Hearing [Doc. 261]**

Defendant Jeffrey Turino objects to the magistrate judge's denial of his request to reopen his detention hearing in this securities-fraud case.[1] Turino argues that he has received new, material information that was unavailable during his initial detention hearing and that this discovery requires a rehearing.[2] The government neither opposes nor supports Turino's request, but states that if another hearing is held, it will introduce new evidence of telephone conversations between Turino and a codefendant that demonstrate Turino's intent to flee to a country from which the United States could not extradite him if he has the opportunity to flee.[3] After considering the record and law, I affirm Magistrate Judge Hoffman's order and deny Turino's request for rehearing.

---

[1] Doc. 225 (Turino's motion to reopen detention hearing); Doc. 251 (magistrate-judge order); Doc. 261 (Turino's objection).

[2] Doc. 225; Doc. 261.

[3] *See* Doc. 230 at 3.

1

**Discussion**

District judges review magistrate judges' detention orders de novo.[4] "The district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."[5] Instead, "[i]t should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."[6]

Title 18 U.S.C. § 3142(e) requires the court to detain a defendant if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Courts must consider four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community should the person be released."[7]

Title 18 U.S.C. § 3142(f) permits the court to reopen a detention hearing before trial on two findings: (1) "information exists that was not known to the movant at the time of the hearing" and (2) that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." This provision is strictly interpreted: if evidence was available at the original

---

[4] *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990).

[5] *Id.* at 1193.

[6] *Id.*

[7] *United States v. Chen*, 820 F.Supp. 1205, 1207 (N.D. Cal. 1992) (quoting 18 U.S.C. § 3142(g)). The defendant's relevant history and characteristics include:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . 18 U.S.C. § 3142(g)(3)(A)–(B).

hearing, no rehearing is granted.[8] Parties must be diligent in bringing "all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially."[9]

Turino argues that he was given information after his initial hearing showing that Louis Ippolito fabricated statements that were used to argue for Turino's detention in the original hearing.[10] In addition, he argues that his mother's health has improved since the detention hearing, and that she and her caregiver are willing to serve as his third-party custodians.[11] Turino also argues other facts, without claiming that they are newly discovered since his detention hearing before Magistrate Judge Hoffman.[12] His appeal of the Magistrate Judge's order was filed before his emergency motion to attend his mother's funeral as, sadly, his mother passed away on September 17, 2014.[13]

I find that, even if Turino introduced evidence that Ippolito fabricated his statements, this evidence would be immaterial because it would still be necessary to detain Turino under § 3142. His mother has passed away, his children are in other states, and he fought extradition to this country.[14] While I fully respect that Turino has a legal right to fight extradition, the fact that he did so still indicates that he is not voluntarily facing criminal charges here. With his mother's passing, it also does not appear that Turino has family ties to any potential third-party custodians in the Las Vegas area or indeed to anyone, anywhere in the state of Nevada. Turino also fails to argue good

---

[8] *United States v. Ward*, 63 F. Supp. 2d 1203, 1206 (C.D. Cal. 1999) (citations omitted).

[9] *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994) (citing Fed. R. Civ. P. 60(b); *United States v. Oliver*, 683 F.2d 224 (7th Cir. 1982)).

[10] Doc. 261 at 2.

[11] *Id.*

[12] *See generally* Doc. 261.

[13] *See id.*; *see also* Doc. 265 at 1.

[14] Doc. 261 at 6–7; Doc. 265 at 1.

cause for why he could not have discovered Ippolito's alleged fabrication before his initial detention hearing. This is an additional, but not necessary, basis for denying his motion.

Turino's additional arguments may have been appropriate to present at his initial detention hearing, but they are not based on newly discovered, material information that would permit me to reopen his detention hearing under the strict standard presented in 18 U.S.C. § 3142(f).

## Conclusion

Accordingly, and for the foregoing reasons,

it is hereby ORDERED that Jeffrey Turino's objections to Magistrate Judge Hoffman's order denying motion to reopen the detention hearing **[Doc. 261] are overruled**; the order denying his motion to reopen the detention hearing [Doc. 251] is affirmed.

DATED October 15, 2014.

_____
Jennifer A. Dorsey
United States District Judge

4