UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. : 2:09-cr-00132-JAD-GWF |
| vs. | **ORDER** |
| | **Motion - #351** |
| JEFFREY TURINO, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Strike Surplusage (#351), filed on August 23, 2015. The Government filed its Opposition to Defendant's Motion to Strike Surplusage (#364) on September 9, 2015 and Defendant filed his Reply (#369) on September 15, 2015. The Court conducted a hearing in this matter on October 16, 2015.

## BACKGROUND

The Grand Jury returned a Second Superseding Indictment (#63) against Defendant Turino on March 24, 2010, charging him with the following: (1) conspiracy to conduct or participate in racketeering activity in violation of 18 U.S.C. § 1962(d); (2) conspiracy to sell unregistered securities, to make false statements to the SEC, to evade filing periodic reports, and to commit securities fraud and insider trading in violation of 15 U.S.C. §§ 77e, 77q, 77x, 78m, 78j, and 78ff; (3) conspiracy to commit securities fraud in violation of 18 U.S.C. §1349; (4) three counts of fraudulent interstate securities transactions in violation of 15 U.S.C. §§77q and 77x; (5) four counts of securities fraud and insider trading in violation of 15 U.S.C. 78j and 78ff; (6) two counts of securities fraud in violation of 18 U.S.C. § 1348; (7) fraudulent interstate securities transactions in violation of 15 U.S.C. §§ 77q and 77x; and (8) conspiracy to commit money laundering in violation

of 18 U.S.C. § 1956(h). The second superseding indictment also sets forth several forfeiture allegations. *See Second Superseding Indictment* (#63).

In his motion, Defendant requests the Court strike several paragraphs and portions of paragraphs[1] of the indictment which he believes "amounts to prejudicial, inflammatory and irrelevant allegations" and should be striken as surplusage. *Motion to Strike* (#351), 2:22. Defendant also asserts that the Government attempts to impermissibly argue its case in several instances throughout the indictment. The Government argues that an indictment, by its nature, must contain inculpatory facts and that Defendant has failed to show how the information contained therein "is improperly inflammatory or carries any potential for prejudice beyond its intrinsically inculpatory nature." *Opposition* (#364), 3:6-7.

## DISCUSSION

Pursuant to Rule 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged... ." Fed.R.Crim.P. 7. Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.'" *United States v. Terrigno*, 838 F.2d 371 (9th Cir. 1988) (quoting *United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir. 1983)). An indictment is inculpatory by nature and a defendant must demonstrate how an individual statement is improperly inflammatory or prejudicial. *See United States v. Whittemore*, 2013 WL 1181915 (D. Nevada 2013). However, while facts in the indictment "may be somewhat prejudicial," they should not be stricken if they are "relevant and material to the charge[d]" offenses. *Terrigno*, 838 F.2d at 373. Further, "if language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant." *United States v. Gerlay*, 2009 WL 3872143 at *1 (D. Alaska, 2009).

---

[1] Defendant's motion lists 28 items which he requests the Court strike from the indictment. Each item specifies the language sought to be striken and provides a reason for each request. *See Motion to Strike Surplusage* (#351).

Having reviewed the indictment and pleadings on file in this matter, the Court finds that the contested paragraphs and portions of paragraphs are relevant to the charged conduct and therefore should not be striken from the indictment as surplusage. The indictment alleges Defendant and his co-defendants conspired to sell hundreds of billions of unregistered securities through various corporate shells beginning no later than 1997. *See Second Superseding Indictment* (#63). The identified paragraphs and portions of paragraphs provide context and clarity to the indictment as whole and lay out the factual specifications of Defendant's and his co-defendant's alleged conduct during the alleged conspiracy. Therefore, the Court finds that the allegations in the indictment are not inflammatory or prejudicial beyond their intrinsically inculpatory nature. Rather, the statements are relevant to describe the facts and circumstances surrounding the alleged conspiracy. Further, counsel for the Government has stated that the Government does not intend to read the indictment to the jury at trial. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Surplusage (#351) is **denied.**

DATED this 14th day of January, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge